TODD J. LEONARD LAW FIRM
Matthew T. Sheffield Esq.
3010 Route 10 West
Denville, New Jersey 07834
Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| RICHARD MITCHELL AND KHADIJAH MITCHELL, HIS WIFE<br><br>Plaintiff(s),<br><br>-vs-<br><br>JOHN STONER, JOHN DOES 1-5 (said names being fictitious and unknown, BUFFALO SPRINGS TRANSPORT, ABC COMPANY 1-10, said names being fictitious and unknown). JOE DOES 1-10, (said names being fictitious and unknown), DEF COMPANY 1-10, (said names being fictitious and unknown), and JEFF DOES 1-10 (said names being fictitious and unknown)<br><br>Defendant(s). | CASE NO.:<br><br>COMPLAINT AND JURY TRIAL DEMAND |
|---|---|

## COMPLAINT

Plaintiffs, RICHARD MITCHELL and KHADIJAH MITCHELL, bring this action against defendants JOHN STONER, and/or JOHN DOES 1-5 (said names being fictitious and unknown) and/or BUFFALO SPRINGS TRANSPORT INC., and/or ABC COMPANY 1-10 (said name being fictitious and unknown) and/or JOE DOES 1-10 (said names being fictitious and unknown), DEF COMPANY 1-10 (said names being fictitious and unknown) and/or JEFF DOES 1-10:

1

## PARTIES

1. Plaintiffs, RICHARD MITCHELL and KHADIJAH MITCHELL, at all times mentioned herein, were and are residents of Lopatcong, County of Warren, and State of New Jersey.

2. The defendant JOHN STONER at all times mentioned herein was and is a resident of Jonastown, Pennsylvania.

3. The defendant BUFFALO SPRINGS TRANSPORT INC. at all times mentioned herein, is a transportation company with its principal place of business at 710 Schaeffer Road, Lebanon, Pennsylvania 17042.

## JURISDICTION AND VENUE

4. This is an action for damages in excess of $75,000.00 providing this Court with jurisdiction pursuant to 28 U.S.C 1332.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## FIRST COUNT

6. On or about April 29, 2019, the plaintiff, RICHARD MITCHELL, was the owner and operator of a motor vehicle, traveling south on Interstate 287 at approximately mile post number 28, in Basking Ridge, County of Morris, and State of New Jersey.

7. At the time and place aforesaid, the defendant, JOHN STONER. and/or defendants, JOHN DOES 1-5, was the operator of a certain motor vehicle bearing license plate AG34618 and VIN # 1XPFDB9X4WD454682 and which was owned and/or leased and/or brokered and/or hauled and/or transported by defendant BUFFALO SPRINGS TRANSPORT

INC., and/or ABC COMPANY 1-10 (said names being fictitious and unknown) and/or JOE DOES 1-10 (said names being fictitious and unknown) which was also traveling south on Interstate 287 at approximately mile post number 28, in Basking Ridge, County of Morris, and State of New Jersey.

8.  At time and place aforesaid, the defendant, JOHN STONER and/or defendants JOHN DOES 1-5 (said name being fictitious and unknown), was operating the aforesaid motor vehicle as the servant, agent or employee of the defendants, BUFFALO SPRINGS TRANSPORT INC., ABC COMPANY 1-10 (said name being fictitious and unknown) and/or the defendant, JOE DOES 1-10 (said name being fictitious and unknown) and/or the defendant DEF COMPANY 1-10 (said names being fictitious and unknown) and/or JEFF DOES 1-10 (said names being fictitious and unknown).

9.  At the time and place aforesaid, the defendant, JOHN STONER and/or defendants JOHN DOES 1-5, operated his motor vehicle in such a careless and negligent manner, in failing to properly observe the road conditions, failed to maintain his lane of travel and suddenly and without warning, crossed into the plaintiff's lane of travel causing his motor vehicle to struck the driver's side of the vehicle driven by the plaintiff, RICHARD MITCHELL, causing the plaintiff, RICHARD MITCHELL, to sustain severe traumatic injuries.

10. Defendant JOHN STONER and/or defendants JOHN DOES 1-5, as direct and/or statutory employees of and/or as their servant, agent and/or employee, of the defendants, BUFFALO SPRINGS TRANSPORT INC., ABC COMPANY 1-10 (said name being fictitious and unknown) and/or the defendant, JOE DOES 1-10 (said name being fictitious and unknown) and/or the defendant DEF COMPANY 1-10 (said names being fictitious and unknown) and/or JEFF DOES 1-10 (said names being fictitious and unknown) operated said motor vehicle,

negligently, recklessly, willfully, wantonly and/or egregiously, and in total disregard for the safety of the motoring public including the plaintiff, RICHARD MITCHELL, by:

    a.    Operating his truck in violation of hours of service, of rules pursuant to 49 C.F.R.395, et seq.

    b.    Operating his vehicle in violation of 49 C.F.R. 392.3, when his ability or alertness is impaired or likely to become so due to fatigue, illness or other causes;

    c.    Failing to record his duty status in duplicate, for a 24 hour period prior to the accident;

    d.    Operating his vehicle in violation of 49 C.F.R. 391.21, for failing to disclose to his employer all prior motor vehicle accidents for a period of three years prior to the accident date;

    e.    Following too closely behind the vehicles in front of him,

    f.    Failing to ensure that he had adequate stopping distance to avoid hitting vehicles in front or next to him;

    g.    Failing to ensure that he had adequate maneuvering room to avoid hitting vehicles in front, next to him, or in his path of travel;

    h.    Driving at an excessive rate of speed;

    i.    Operating his truck without adequate training and experience;

    j.    Failing to pay attention to the road ahead;

    k.    Failing to be diligent and alert at all times;

11.    The plaintiff, RICHARD MITCHELL is entitled to bring the within cause of action in accordance with the terms and provisions of N.J.S.A. 39:6A-8 (if applicable hereto).

12. The accident in question and the injuries sustained by the plaintiff, RICHARD MITCHELL, related thereto, did occur without any negligence on the part of the plaintiff, RICHARD MITCHELL which would bar his recovery against the defendants in the within cause of action.

13. By reason of the aforesaid, the plaintiff, RICHARD MITCHELL, was severely and permanently injured, suffered, still suffer and will in the future suffer great pain and anguish, was confined for a period of time and will be so confined in the future, became, still is and will in the future be incapacitated from continuing his usual course of conduct and employment, was obliged, still is and will in the future be obliged to incur large expense in the care and treatment of his aforesaid injuries and was otherwise injured, damaged and restricted in his bodily movements.

WHEREFORE, plaintiff, RICHARD MITCHELL, demands judgment against the defendants, JOHN STONER, and/or JOHN DOES 1-5 (said names being fictitious and unknown) and/or BUFFALO SPRINGS TRANSPORT INC., and/or ABC COMPANY 1-10 (said name being fictitious and unknown) and/or JOE DOES 1-10 (said names being fictitious and unknown), DEF COMPANY 1-10 (said names being fictitious and unknown) and/or JEFF DOES 1-10 jointly, severally, or alternatively, individually, for compensatory and punitive damages, together with attorney's fees, interest and costs of suit as well as further relief as the Court may deem proper.

## SECOND COUNT

14. Plaintiff, RICHARD MITCHELL, repeats and re-alleges all of the allegations of paragraphs 1 through 13 and makes same part hereof as though set forth at length herein.

15. Defendants JOHN STONER and/or JOHN DOES 1-5 (said names being fictitious

and unknown) and/or BUFFALO SPRINGS TRANSPORT INC., and/or ABC COMPANY 1-10 (said name being fictitious and unknown) and/or JOE DOES 1-10 (said names being fictitious and unknown) DEF COMPANY 1-10 (said name being fictitious and unknown), and/or JEFF DOES 1-10 (said name being fictitious and unknown) owed the general public, including the plaintiff, a duty to determine the qualifications of its employees, servants and/or agents, including but not limited to:

    a) Adequately evaluating applicants before hiring them as truck drivers;

    b) Adequately training and supervising these drivers;

    c) Adequately evaluating the employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property;

    d) Pursuant to 49 CFR 382.201 et. seq., 382.301 et. seq., 383.35, and 391 et. seq., conduct and adequate investigation or inquiry into the driving record of JOHN DOE;

16.    Defendants JOHN STONER and/or JOHN DOES 1-5 (said names being fictitious and unknown) and/or BUFFALO SPRINGS TRANSPORT INC., and/or ABC COMPANY 1-10 (said name being fictitious and unknown) and/or JOE DOES 1-10 (said names being fictitious and unknown) DEF COMPANY 1-10 (said name being fictitious and unknown), and/or JEFF DOES 1-10 (said name being fictitious and unknown), breached these duties to the general public, including the plaintiff, by its negligent, careless, reckless, willful, wanton and egregious conduct, and totally disregarding the motorist public safety in their training, hiring, re-training, supervision, and/or retention of JOHN STONER and/or JOHN DOES 1-5, who was unqualified, incompetent, and/or who operated the subject tractor trailer negligently, carelessly, recklessly, and/or willfully,

wantonly and/or egregiously.

17. By reason of the aforesaid negligence, carelessness, recklessness, willful, wanton and/or egregious conduct in total disregard for the safety of the public by the aforementioned defendants, the plaintiff, RICHARD MITCHELL, was severely and permanently injured, suffered, still suffers and will in the future suffer great pain and anguish, was confined for a period of time, became incapacitated from continuing his usual course of conduct and employment, was obliged, still is and will in the future be obliged to incur large expense in the care and treatment of his aforesaid injuries and was otherwise injured, damaged and restricted in her bodily movements.

WHEREFORE, plaintiff, RICHARD MITCHELL, demands judgment against the defendants, JOHN STONER, and/or JOHN DOES 1-5 (said names being fictitious and unknown) and/or BUFFALO SPRINGS TRANSPORT INC., and/or ABC COMPANY 1-10 (said name being fictitious and unknown) and/or JOE DOES 1-10 (said names being fictitious and unknown), DEF COMPANY 1-10 (said names being fictitious and unknown) and/or JEFF DOES 1-10 jointly, severally, or alternatively, individually, for compensatory and punitive damages, together with attorney's fees, interest and costs of suit as well as further relief as the Court may deem proper.

### THIRD COUNT
(Per Quod)

18. The plaintiff, KHADIJAH MITCHELL, repeats and realleges all of the allegations of the First Count of the Complaint and make the same a part hereof as though set forth at length herein, and in addition thereto, she alleges that at the time mentioned herein she was and still is the wife of the plaintiff, RICHARD MITCHELL, residing with him at the same address.

19.     By reason of the aforesaid accident, the Plaintiff, KHADIJAH MITCHELL, was and will in the future be obliged to incur large expenses in the care and treatment of her husband, the plaintiff, RICHARD MITCHELL.

20.     By reason of the aforesaid accident, the Plaintiff KHADIJAH MITCHELL was and will in the future be deprived of the usual services, society, earnings, companionship and consortium of her husband, the plaintiff, RICHARD MITCHELL.

WHEREFORE, plaintiff, KHADIJAH MITCHELL, demands judgment against the defendants, JOHN STONER, and/or JOHN DOES 1-5 (said names being fictitious and unknown) and/or BUFFALO SPRINGS TRANSPORT INC., and/or ABC COMPANY 1-10 (said name being fictitious and unknown) and/or JOE DOES 1-10 (said names being fictitious and unknown), DEF COMPANY 1-10 (said names being fictitious and unknown) and/or JEFF DOES 1-10 jointly, severally, or alternatively, individually, for compensatory and punitive damages, together with attorney's fees, interest and costs of suit as well as further relief as the Court may deem proper.

_s/ Matthew T. Sheffield Esq._  
Matthew T. Sheffield Esq.  
Paul G. Paravati Esq.  
Todd J. Leonard Law Firm  
3010 Route 10 West  
Denville, NJ 07834  
Tel: 973-920-7900  
Fax: 973-998-6028  
Email: msheffield@lawleonard.com

DATED: March 19, 2021

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues set forth herein.

s/ Matthew T. Sheffield Esq.  
Matthew T. Sheffield Esq.

DATED:   March 19, 2021

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or any arbitration or administrative proceeding.   I declare under penalty of perjury that the foregoing is true and correct.

      s/ Matthew T. Sheffield Esq.
      Matthew T. Sheffield Esq.

DATED:   March 19, 2021